ED. NICKERSON V. STATE.

No. 2213.     Decided February 26, 1913.

Rehearing denied March 26, 1913.

**1.—Aggravated Assault—Officer—Arrest—Warrant—Serious Bodily Injury.**

Where the indictment charged the defendant with an assault upon an officer, and also by inflicting serious bodily injury, and the evidence showed that the officer had no warrant to arrest defendant, etc., but that the latter inflicted serious bodily injury, the conviction could, nevertheless, be sustained for aggravated assault; especially, where the court submitted simple assault also.

**2.—Same—Aggravated Assault—Serious Bodily Injury.**

Where the evidence showed that defendant was illegally arrested and that he made no effort to effect his release, but used abusive language towards the officer, who struck him, whereupon defendant inflicted upon said officer serious bodily injury, he was guilty of aggravated assault.

**3.—Same—Charge of Court—Requested Charges.**

Where, upon trial of aggravated assault, defendant's requested charges were substantially given in the court's main charge, there was no error.

**4.—Same—Peremptory Instructions.**

Where, upon trial of aggravated assault, the evidence sustained the conviction, there was no error in the court's failure to submit a peremptory charge to acquit.

**5.—Same—Misdemeanor—Bill of Exceptions.**

In the absence of bills of exception to the ruling of the court in misdemeanor cases, the grounds in the motion for new trial cannot be considered on appeal. Following Basquez v. State, 56 Texas Crim. Rep., 329.

6.—Same—Sufficiency of the Evidence.

Where, upon trial of aggravated assault for inflicting serious bodily injuries, the evidence sustained the conviction, there was no error.

Appeal from the County Court of Grayson. Tried below before the Hon. J. Q. Adamson.

Appeal from a conviction of aggravated assault; penalty, a fine of $500 and twelve months confinement in the county jail.

The opinion states the case.

*B. L. Jones* and *Hamp P. Abney* and *J. W. Hassell,* for appellant. On question of serious bodily injury: George v. State, 17 S. W. Rep., 351; Halsell v. State, 18 S. W. Rep., 418; Black v. State, 67 S. W. Rep., 113.; Head v. State, 52 Texas Crim. Rep., 488, 107 S. W. Rep., 829; Wilson v. State, 29 S. W. Rep., 41.

*C. E. Lane,* Assistant Attorney-General, for the State. On question of illegal arrest: Miers v. State, 34 Texas Crim. Rep., 161; Russell v. State, 37 id., 314.

HARPER, JUDGE.—Appellant was convicted in the County Court of an aggravated assault, and prosecutes this appeal.

The facts would show that Nannie Nickerson called Deputy Sheriff Hamilton over the telephone and reported to him that appellant was causing trouble, and requested his arrest. The officer went to their home, found appellant in bed and arrested him. Appellant got up, put on his clothes, and asked the officer what he was going to do with him, when the officer told him he was going to take him to jail for the row he had with his wife. Appellant went with the officer a short distance, and then the officer says appellant straightened up and remarked, "All the officers in this town are God-dam-sons-of-bitches," when the officer struck him; appellant grabbed the officer, threw him down, and the officer says, "struck him several times about the head, badly cut his lip, skinned and bruised up his head, and badly bruised and beat his face." Another officer came up, when appellant and Officer Hamilton were parted.

It is unquestioned that the officer had no warrant when he made the arrest, and the offense against appellant's wife was not committed in his presence nor in his view. The information contained two grounds alleging aggravated assault: one that appellant committed an aggravated assault in and upon an officer in the lawful discharge of his duties. If this was the only ground alleged the conviction could not be sustained, because the evidence shows that the officer had no warrant, and the offense for which appellant was arrested was not committed in the presence of the officer. (Williams v. State, 64 Texas Crim. Rep., 491, 142 S. W. Rep., 899.) But the complaint also charges that "appellant did then and there unlawfully strike, wound and bruise the said W. T. Hamilton, and did thereby inflict upon the

said Hamilton serious bodily injury against the peace and dignity of the State."

It is unquestionably the law of this State, as contended by appellant, that a person illegally or unlawfully arrested has a right to use all necessary force to effect his release, *when the force is used for that purpose,* but one, even though illegally arrested, would not have the right to maliciously assault an officer any more than any other citizen. Does the evidence in this case suggest that the assault was made by appellant to effect his release from an unlawful arrest? Appellant did not testify nor offer any evidence. The only testimony in the record is that of Officers Hamilton and Stark, and their testimony does not even remotely suggest that appellant was actuated by that motive in making the assault on Hamilton. The officer says when he arrested appellant he offered no protest or objection, but went quietly with him a short distance, and then, without provocation, uttered the abusive epithet, when Hamilton struck him. The officer should not have struck his prisoner, and it may be that he is guilty of an offense for so doing, but he is not on trial in this case. However, as appellant used language that any sane man knows will provoke a difficulty, if the party to whom it is addressed has any manhood about him, neither can he justify his subsequent conduct by reason of this blow, although the court in his charge instructed the jury that appellant had the right to defend himself if he used no greater force than was necessary to protect himself.

The court also instructed the jury that a peace officer has no right to arrest an offender without warrant when an offense is not committed in his presence or within his view, and if the jury believed that appellant assaulted Hamilton to free himself from an illegal arrest, to acquit him. When these instructions were given by the court in his charge we do not think anyone can seriously contend that appellant was convicted under the first count in the information, but it is manifest that the jury convicted him under the second count, and the authorities cited by appellant are not applicable. It would be a strange doctrine to announce, that although one is illegally arrested, he may assault and maltreat an officer when not done for the purpose of effecting his release from such illegal arrest, but is wantonly and maliciously done. The evidence does not suggest that appellant knew or even had a suspicion that the officer had no warrant at the time he made the insulting remark and beat and bruised the officer, and under these circumstances, where the court instructs the jury that if appellant made the assault to effect his release from arrest to acquit him, and there are two grounds of aggravation in the information, we cannot hold that the court erred in overruling the motion for new trial on that ground.

Appellant's special charge No. 1 reads as follows: "In this case you are instructed that no verbal provocation and no epithet applied to another authorizes such other in inflicting an assault upon the per-

son applying such epithet, and even though you may believe from the evidence that the defendant applied to officers an opprobrious epithet, and that the said Hamilton, after he had so applied said epithet, struck defendant, the defendant would still be entitled to defend against the attack so made by the said Hamilton, and to use all force necessary to repel such attack and if you so believe the facts to be you will find him not guilty.'' This was given by the court in his main charge, therefore, it was unnecessary to again so instruct the jury.

Appellant's second special charge which, in effect, requested the court to instruct the jury to acquit appellant if he had been illegally arrested regardless of his motive in assaulting the officer, is not the law under the evidence in this case, where the information contains a count charging an assault inflicting serious bodily injury. Special charge No. 3 requested was fully covered by the court in his main charge.

The only other bill of exceptions in the record complains that the court erred in not giving a peremptory instruction. For the reasons hereinbefore stated this bill presents no error.

This being a misdemeanor, the other grounds in the motion for new trial to which no bill of exceptions was reserved cannot be reviewed. (Basquez v. State, 56 Texas Crim. Rep., 329.)

The ground in the motion presenting the issue that the evidence will not sustain a conviction for aggravated assault is the most serious question in the case. To do so the evidence must show that serious bodily injury was inflicted. The court, however, in his charge, submitted both aggravated assault and simple assault, and under the evidence of Mr. Hamilton we do not feel that we would be justified in holding that the injuries received were not serious injuries. He says his lip was cut, his face badly beaten and bruised, and his head skinned and bruised.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied March 26, 1913.—Reporter.]