[Criminal No. 883.   Filed October 23, 1939.]

[94 Pac. (2d) 873.]

JOHN DUGAN, Appellant, v. STATE OF ARIZONA, Respondent.

Mr. Henry W. Beumler, for Appellant.

Mr. Joe Conway, Attorney General, and Mr. W. E. Polley, his Assistant, for Respondent.

LOCKWOOD, J.—John Dugan, hereinafter called appellant, was charged with the crime of aggravated assault and battery. The case was tried to a jury which returned a verdict of guilty, and this appeal was taken.

The facts, stated as strongly in support of the judgment as reasonably possible, as under our rule we must consider them to have been believed by the jury, are as follows: On the 2d day of December, 1938, appellant, together with one Sears, had been in Mexico. They came across the line into the United States at Naco, about 10:30 in the evening, and went to the United States custom house, where appellant stated he had some mescal to declare. When he entered the custom house he was given a form of declaration for the liquor, which he filled in and signed with the name of John Smith. The inspector went through the files and found that one John Smith had declared some mescal within less than thirty days, and appellant was questioned as to whether he was the John Smith who had previously made the declaration. After considerable questioning, he admitted his true name was John Dugan, and the inspector immediately seized the liquor, because the federal law requires that when a false declaration is made, or a declaration which uses the name of a person other than the actual declarant, this shall be done. He then requested appellant to sign another card, authorizing the government to destroy the liquor without formally advertising it for forfeiture. This, appellant at first refused to do, and stated he would wait in the custom house until he got back his liquor. He was informed it could not be returned, whereupon he began to swear and eventually got into a fight in the custom house with his companion Sears. The inspector finally got appellant to sign the card, but he still refused to leave

without having his liquor returned to him. Thereupon the inspector notified the sheriff's office, and requested that a deputy be sent down to arrest the appellant, who, shortly after the call for the officer was made, sat down in a chair in the office and was sitting there quietly when the deputy arrived. As the latter entered, the inspector said to him, "There is the man I want you to take out" and the deputy immediately walked up to the appellant, and told him he was under arrest, and placed handcuffs on him. Appellant made no protest against the arrest at the time it was made, but after the handcuffs were on him said to the deputy, "Chief, this one is pretty tight; will you please loosen it." The deputy then unlocked it, and immediately this was done appellant entered into a fight with him. They scuffled for some time, but the deputy finally succeeded in getting the handcuff back on appellant, and placed him in an automobile in order to convey him to the county jail in Bisbee. On the road appellant again attacked the deputy and engaged in a serious fight with him, battering him very severely with the handcuffs, but the deputy finally succeeded in subduing appellant and got him into the jail. The deputy was quite severely injured about the head, and received several cuts which resulted in permanent scars. At no time did the appellant ever protest against his arrest or claim that it was illegal, and no testimony was offered at the trial to the effect that his sole purpose in attacking the deputy was to escape from an illegal arrest.

There are two objections raised by the assignments of error. The first is that the arrest of appellant was illegal, and that he, therefore, had the right to make such reasonable efforts as were necessary in order to escape from custody and that if, in so doing, he bruised and battered the deputy, as the evidence shows he did, he was acting in his necessary self-defense.

■ The evidence shows that the only offense which the appellant had committed at any time that evening was a disturbance of the peace in the custom house, which is only a misdemeanor. It also shows that the deputy was not present at the time this offense was committed, and that when he came into the custom house to arrest the appellant, the latter had ceased his disturbance and was sitting quietly in a chair, committing no offense. Section 4940, Revised Code of 1928, governs an arrest made under this situation. It reads as follows:

"*Time of day of making arrest.* If the offense charged is a felony, the arrest may be made on any day, and at any time of the day or night. If it is a misdemeanor, the arrest cannot be made at night, unless upon the direction of the magistrate, indorsed upon the warrant, except when the offense is committed in the presence of the arresting officer."

■■ It is plain that the deputy had no right to arrest the appellant at the time and under the circumstances which existed when the arrest was made. *Platt* v. *Greenwood,* 50 Ariz. 158, 69 Pac. (2d) 1032. The law is that a person illegally arrested may resist the arrest, using such force as may be reasonably necessary, short of killing the arresting officer. *Goodman* v. *State,* 4 Tex. App. 349; *State* v. *Small,* 184 Iowa 882, 169 N. W. 116. But he may not, although illegally arrested, assault and maltreat an officer wantonly and maliciously, when the assault is not made solely for the purpose of effecting his release from the arrest. *Nickerson* v. *State,* 69 Tex. Cr. R. 659, 154 S. W. 992. The court instructed the jury on this point as follows:

" . . . A person illegally restrained of his liberty may use such force, short of taking life, as is necessary to regain his liberty.

"The court instructs the jury that a person resisting an illegal arrest may use only that force reasonably necessary to effect that purpose."

█ We think on the whole evidence as shown by the transcript, the jury was justified in believing that the appellant was not attempting to resist an illegal arrest by reasonable force, but was maliciously attempting to beat up the deputy for making the arrest, and that such being the case, a verdict of guilty is sustained by the evidence.

The second objection is that the court failed properly to instruct as to the difference between aggravated and simple assault. The record shows that the court submitted to the jury three verdicts, one of guilty, one of guilty of simple assault, and the other of not guilty, but did not specifically inform it as to the difference between simple and aggravated assault. No request for such an instruction was made by the appellant, nor did he call this omission to the attention of the trial court on his motion for a new trial.

█ It is urged that we have held it is the duty of the court to instruct upon all of the law, though no request is made therefor. It would, of course, have been error to refuse to give an instruction as to the different degrees of assault embraced in the information if a request had been made therefor. We have held, however, that the failure of the trial court to instruct on the different degrees of crime will not be reviewed when defendant did not ask for it. *Territory* v. *Dooley*, 3 Ariz. 60, 78 Pac. 138. We think that if the instruction is not requested, or the matter raised on the motion for a new trial, unless the error charged is fundamental, this is the correct rule to apply. It is but just that the attention of the trial court should be called to any alleged error, so that it may be given a chance to correct the error, if it exists, without the necessity of carrying the case to this court. We

think the failure to instruct the jury as to the difference between simple and aggravated assault and battery, under all the circumstances of this case, does not constitute reversible error.

The judgment of the superior court of Cochise county is affirmed.

ROSS, C. J., and McALISTER, J., concur.