420 P.2d 977

**The INDUSTRIAL COMMISSION of Arizona, Appellant,**

v.

**HARBOR INSURANCE COMPANY, a corporation, Appellee.**

**No. I CA–CIV 187.**

Court of Appeals of Arizona.

Dec. 6, 1966.

Appeal Transferred Jan. 26, 1967.

See 101 Ariz. 578, 422 P.2d 694.

Robert K. Park, Chief Counsel, by Joyce Volts, and Arthur B. Parsons, Jr., Phoenix, for appellant.

Shimmel, Hill, Kleindienst & Bishop, by Rouland W. Hill, Phoenix, for appellee.

STEVENS, Chief Judge.

This matter is one of three cases in which formal opinions are being filed this day in relation to the jurisdiction of the Court. The other two cases are State v. Nixon, 4 Ariz.App. 407, 420 P.2d 979 and Welsh & Sons v. Arizona State Tax Commission, 4 Ariz.App. 398, 420 P.2d 970. Reference is also made to the cases of State of Arizona v. Court of Appeals, 101 Ariz. 166, 416 P.2d 599 (1966); State v. Mileham, 1 Ariz. App. 67, 399 P.2d 688 (1965).

Continental Casualty Company, an Illinois corporation, by and through its attorneys, Jennings, Strouss, Salmon & Trask, by Rex E. Lee, filed a petition for leave to file a brief as amicus curiae. The appellant filed a motion to transfer the appeal to the Arizona Supreme Court. Section 12–120.22 A.R.S. authorizes the transfer of an

appeal which, " * * * was not brought in the proper court * * * ". This court requested, and has received, extensive aid from the attorneys of record and from the attorneys petitioning for leave to appear as amicus curiae and acknowledges this assistance. The ruling on the petition for leave was reserved and the time. for the filing of the briefs was extended pending the decision relative to jurisdiction.

In relation to the subject of this appeal, the Industrial Commission of Arizona, in the exercise of its statutory responsibilities, has the power to make orders both general and special. Section 23-944 A.R.S. There is authority to petition for a hearing relative to the reasonableness and lawfulness of the order. Subsection A of Section 23-946 A.R.S. provides that:

"Any person in interest dissatisfied .with an order of the commission may commence an action in the superior court * * * against the commission as defendant * * * ".

Section 23-948 A.R.S. further provides, in part:

."No court of this state, except the superior court and the supreme court on appeal, shall have jurisdiction to review * * * any order .of the commission * * * but a writ of mandamus may issue from the supreme court to the commission in proper cases, and an appeal may be taken from the superior court to the supreme court in all cases."

The Court of Appeals was created by the Arizona Legislature in the adoption of Chapter 102 of the Laws of 1964 and contained therein is Section 12-120.21 A.R.S. Pursuant to said section, the Court of Appeals has:

"Appellate jurisdiction in all actions and proceedings originating in or permitted by law to be appealed from the superior court, except criminal actions involving crimes punishable by death or life imprisonment."

Under the reasoning in the companion case of Welsh & Sons, this broad language would appear to give the Court of Appeals jurisdiction to entertain the determination of the ·matter before us.

Another function of the Industrial Commission is the determination of the right of workmen to compensation arising out of an industrial injury and also arising out of occupational disease. Prior to the creation of the Court of Appeals, Section 23-951 A.R.S. permitted any party affected by a decision to apply to the Supreme Court for a writ of certiorari. Chapter 102 which created the Court of Appeals amended this section authorizing the party to apply to the Court of Appeals for the writ of certiorari.

A third function is the subject of Section 23-1146 A.R.S. which authorized an application for a writ of certiorari to the Arizona Supreme Court to review the lawfulness of an award in connection with an occupational disease matter. This section remained without amendment until 1966 during which year Chapter 59 was adopted by the Legislature, approved by the Governor and filed with the Secretary of State. The approved Act was filed with the Secretary of State on the 6th day of April 1966. The section was amended to likewise give to the Court of Appeals the power to review by certiorari.

It is our opinion that where the Legislature has by express amendment conferred upon the Court of Appeals the power of judicial review in relation to two aspects of the power of the Industrial Commission (Sections 23-951 and 23-1146) and has left without change the third aspect thereof (Section 23-948), we cannot conclude that Section 12-120.21 has conferred jurisdiction in the instant matter upon the Court of Appeals.

Upon the expiration of the time for the filing of a motion for rehearing, the Clerk of the Court of Appeals is directed to transfer this cause to the Arizona Supreme Court and the Clerk of this Court is directed to transmit the entire file to the Arizona Supreme Court retaining only the original of this opinion together with appropriate ad-

ditional copies thereof and retaining copies of correspondence which may appear in the file.

CAMERON and DONOFRIO, JJ., concur.