420 P.2d 979

STATE of Arizona, Appellee,

v.

Vincent E. NIXON, Appellant.

No. 1 CA–CR 20.

Court of Appeals of Arizona.

Dec. 6, 1966.

Barry Leverant, Phoenix, for appellee.

Minne & Sorenson, by Roger J. Blake, Phoenix, for appellant.

STEVENS, Chief Judge.

This opinion relates to the jurisdiction of the Court of Appeals to entertain a certified question.

■ It is appropriate for a court to inquire into its jurisdiction. There are two general areas of inquiry in relation to this case. The first, as in Searles v. Haldiman, 3 Ariz.App. 294, 413 P.2d 860 (1966), relates to whether the action of the trial court is appealable to this Court or the Supreme Court. The second, as in State v. Mileham, 1 Ariz.App. 67, 399 P.2d 688 (1965), relates to the jurisdiction of this Court to entertain a matter which is in itself an appealable matter. The former situation concerns the appealability of the matter and the latter concerns this Court's power to consider a matter which is otherwise appealable. The principles governing the situation before us fall within the second category. This opinion is one of three opinions rendered this date touching upon the jurisdiction of this Court, the other two cases being Welsh & Sons v. Arizona State Tax Commission, 4 Ariz.App. 398, 420 P. 2d 970 and Industrial Commission v. Harbor Insurance Company, 4 Ariz.App. 405, 420 P.2d 977.

A question was certified to this Court by a Judge of the Superior Court relying upon Rule 346 of the Rules of Criminal Procedure, 17 A.R.S. This opinion relates to the propriety of the exercise of jurisdiction by this Court. The criminal case, out of which the certification issued, is not one within the excluded jurisdiction as set forth in amended Sections 12–120.21, subsec. A, par. 2 and 13–1711, A.R.S., which sections were considered in Mileham.

The Rules of Criminal Procedure in their present form were adopted by the Supreme Court in 1955. The order adopting and promulgating the rules stated in part:

"That the Rules of Criminal Procedure for the Superior Courts of the State of

**408**

Arizona hereto annexed be and they are hereby adopted and promulgated as Rules of Criminal Procedure for the Superior Courts of the State of Arizona."

Under conditions set forth in Rule 346,

"* * * the trial court may * * * certify the case to the supreme court * * * and thereupon all proceedings in the action shall be stayed to await the decision of the supreme court."

In the case of State v. May, 1 Ariz.App. 452, 404, P.2d 718 (1965), we gave consideration to our jurisdiction to answer a certified question and concluded the presence of jurisdiction. The case was not reviewed by the Arizona Supreme Court.

■ There has been an exchange of official correspondence in relation to a matter originally lodged with Division Two of this Court relative to the jurisdiction of the Court of Appeals to entertain an application for stay of execution of a sentence under Criminal Rule 354, subd. B. The Rule authorizes the stay of execution on a certificate of,

"* * * the judge before whom the action was tried or a judge of the supreme court * * *".

The Court of Appeals transferred the application to the Supreme Court and the Supreme Court accepted the transfer. Whereas there has been a modification of the rules of the Arizona Supreme Court to make them applicable to the Court of Appeals, as more particularly appears from Rule 47 of said rules, there has been no change in relation to either Criminal Rule 346 or Criminal Rule 354. In view of the Supreme Court's acceptance of a Criminal Rule 354, subd. B matter, it is our opinion that the Court of Appeals may not entertain Criminal Rule 346 matters.

Subsection B of § 12–120.22 authorizes a proceeding which has not been brought in the proper court to be transferred to the proper court.

Upon the expiration of the time for the filing of a motion for rehearing, the Clerk of the Court of Appeals is directed to transfer this cause to the Arizona Supreme Court, retaining only the original of this opinion together with appropriate additional copies thereof and retaining copies of correspondence which may appear in the file.

CAMERON and DONOFRIO, JJ., concur.