423 P.2d 718

STATE of Arizona, Plaintiff,

v.

Vincent E. NIXON, Defendant.

No. 1762.

Supreme Court of Arizona.

In Banc.

Feb. 8, 1967.

Merle L. Hanson, City Atty., James E. Carter, Asst. City Atty., for plaintiff.

Minne & Sorenson, Roger J. Blake, Phoenix, for defendant.

BERNSTEIN, Chief Justice.

This proceeding comes before us on a question of law certified by the Superior Court in Maricopa County to the Court of Appeals, Division 1, pursuant to Rule 346 of the Rules of Criminal Procedure, 17 A.R. S. The Court of Appeals ordered this matter transferred to the Supreme Court after finding that it, the Court of Appeals, may not entertain Criminal Rule 346 matters. State v. Nixon, 4 Ariz.App. 407, 420 P.2d 979. Rule 346 of the Rules of Criminal Procedure provides that " * * * the trial court may * * * certify the case to the *Supreme Court* * * *." (Emphasis added.) This case was properly transferred to this court under the authority of subsection B, § 12–120.22 A.R.S. which provides "No case * * * shall be dismissed for the reason only that it was not brought in the proper court * * * but * * * shall be transferred to the proper court * * * *".

The certified question presented is as follows:

"Can a City police officer lawfully and without a warrant arrest a person for the alleged commission of the misdemeanor of driving or being in actual possession of a motor vehicle while under the influence of intoxicating liquor when the alleged commission of such misdemeanor did not take place in the presence of the arresting officer and the sole basis for such arrest is the officer's certification as set forth in the traffic complaint to the effect that he had reasonable grounds to believe and did believe that the person so arrested committed the offense charged?"

The defendant, Vincent E. Nixon, on or about January 6, 1964, was issued two traffic complaints by a police officer of the City of Phoenix, as the result of an automobile accident not witnessed by the police officer. One complaint charged the defendant with violation of A.R.S. § 28–730, following too closely and the other complaint charged the defendant with violation of A.R.S. § 28–692, driving or being in actual physical control of a motor vehicle while under the influence of intoxicating liquor. Both of these charges are misdemeanors. The issuance of these complaints bore the certification of the police officer as required by A.R.S. § 28–1062. "I hereby certify that I have reasonable grounds to believe and do believe that the person cited herein committed the offense described

'herein contrary to law." At the time of the issuance of these complaints the defendant was placed under arrest without a warrant and taken to the City Jail and administered a breath test for intoxication. The defendant, through counsel, on February 6, 1964, in the City Court of the City of Phoenix filed motions to suppress evidence and to dismiss the complaints. The motions were denied and on December 29, 1964, the defendant was found guilty on the misdemeanors as charged. Thereafter defendant perfected appeal to the Superior Court in Maricopa County.

Section 13-1403 of the Arizona Revised Statutes is substantially a codification of the common law on the subject of arrest by an officer without a warrant. Its pertinent part reads as follows:

> "*A peace officer may, without a warrant, arrest a person:*
>
> 1. *When the person to be arrested has committed* a felony or *misdemeanor in his presence.* If the arrest is for a misdemeanor, the arrest shall be made immediately or on fresh pursuit.
>
> 2. When the person to be arrested has committed a felony, although not in the presence of the officer.
>
> 3. When a felony has in fact been committed, and he has reasonable ground to believe that the person to be arrested has committed it.
>
> 4. When he has reasonable ground to believe that a felony has been or is being committed and reasonable ground to believe that the person to be arrested has committed or is committing it." (Emphasis added)

Clearly, under this statute, the only time an officer may arrest without warrant for misdemeanor is when the misdemeanor is committed in his presence. This was the rule at common law, this was the rule under the predecessor statute of § 13-1403 (that being Penal Code 1913, § 854) and this has been the rule staunchly adhered to by this court throughout the years. Adair v. Williams (1922), 24 Ariz. 422, 210 P. 853, 26 A.L.R. 278; Dugan v. State (1939), 54 Ariz. 247, 94 P.2d 873; Platt v. Greenwood (1937), 50 Ariz. 158, 69 P.2d 1032; State v. Gunter (1966), 100 Ariz. 356, 414 P.2d 734.

In Platt v. Greenwood, supra, 69 P.2d at page 1035, a case involving the arrest and jailing of a man for disturbing the peace, though sober himself, who was attempting to look after a friend who was intoxicated, this court said "When an officer undertakes to arrest a person for a minor offense of the grade of a misdemeanor without a warrant, the person must be in the act of committing the offense, or attempting to commit it, to justify such arrest. The fact that the party may have theretofore committed such an offense will not justify the officer in arresting him without a warrant."

It is also interesting to note that in the same case this court observed "It may be admitted that an intoxicated person on the public streets or on the highways of the state is a potential danger to himself as well as others, and that it is quite commendable in the peace officers of the state to try to remove such danger" * * * however * * * "The law is very jealous of the liberty of the individual, and while peace officers in the discharge of their duties must not be obstructed or interfered with, they may not lawfully deprive a citizen of his liberty except in the manner provided by law."

The state contends that the arrests here were made pursuant to the provisions of A.R.S. § 28-1062 passed by the Arizona State Legislature in 1962 and that § 28-1062 sets up a new form of arrest for traffic violations separate and distinct from the law of arrest for all other misdemeanors, and further that under this new statute a citizen may be arrested for a traffic violation upon the certification of a police officer that he has reasonable grounds to believe and does believe that an offense has been committed,

even though the officer did not see the offense.

A.R.S. § 28–1062 in its entirety reads as follows:

"§ 28–1062.  Certification of traffic citation forms and complaints; certificate; false certification

A.  Traffic citation forms or traffic complaints need not be sworn to if they contain a form of certification by the arresting officer in substance as follows:

'I hereby certify that I have reasonable grounds to believe and do believe that the person cited herein committed the offense described herein contrary to law.' "

We find nothing in this section to substantiate the state's position.  It is apparent that A.R.S. § 28–1062 is merely a directive statute as to a part of the form of the traffic complaint.  In a manner of speaking this is nothing more than a matter of procedural bookkeeping, which aids the officer in not having to go before a magistrate and swear to his complaint.  There is nothing in the whole of Title 28, Chapter 6, Art. 20 that makes anything more out of the Uniform Traffic Complaint than a citation to appear or a summons.  It is not a warrant for arrest, and the time honored and well established law of arrest as set out in A.R.S. § 13–1403 has in no way been amended by A.R.S. § 28–1062.

We answer the question certified to us in the negative.

McFARLAND, V. C. J., and STRUCK-MEYER, UDALL, and LOCKWOOD, JJ., concur.