433 P.2d 75

**STATE of Arizona, Appellee,**

v.

**Charles William ROBINSON, Appellant.**

**No. 1 CA–CR 133.**

Court of Appeals of Arizona.

Oct. 31, 1967.

Darrell F. Smith, Atty. Gen., by Charles S. Pierson, Asst. Atty. Gen., for appellee.

Vernon B. Croaff, Public Defender, by Grant Laney, Deputy Public Defender, for appellant.

CAMERON, Chief Judge.

This is an appeal from a verdict and judgment of guilt to the crime of obstructing a public officer, A.R.S. § 13–541. Appellant physically resisted being arrested by two officers of the City of Phoenix Police Department, and we are called upon to determine whether his conduct was justified.

The facts necessary for a determination of this matter on appeal are as follows. On the evening of 7 August or early morning of 8 August 1966 the residence of one Arlene Demming was burglarized. On 13 August 1966 one of the arresting officers in this case received an anonymous telephone call from a woman stating she had witnessed the burglary of the Demming residence and that the appellant was the perpetrator. The informant did not identify herself. On the same day, 13 August, the arresting officer questioned the appellant about certain burglaries being investigated including that of the Demming residence. One month later, on 13 September 1966, the arresting officer again spoke with the defendant Robinson over the telephone. There was no evidence adduced in the trial below concerning the content of that telephone conversation. After the phone call the two arresting officers went to the appellant's home, and after meeting the appellant in the street they went inside the appellant's house. The testimony of the arresting officer indicated:

"The Court: Officer, could you start again from the time you got out of the police car?

"The Witness: Yes, sir. We arrived here shortly before 4:00, and first observed them at this point on the sidewalk. We returned with him to his apartment. We had a brief conversation with him. We then went to this apartment here and talked with these people briefly. While there, they left the apartment again and started walking down the sidewalk. At this time we came out on the sidewalk, made contact with him there, and at that time he was arrested.

\* \* \* \* \* \*

"Q About what time did these events terminate, if you can recall?

"A Approximately from around 4:00 p. m. to around 4:20, I guess, or 4:30.

\* \* \* \* \* \*

"Q For what was the defendant arrested?

"A For burglary."

Although the arresting officers arrived in an unmarked patrol car and were not in uniform, there is no question that the appellant knew the arresting officers were members of the Phoenix Police Department, and there is no question that the jury had more than ample evidence to find that the defendant physically resisted the arrest made by the two officers. The arrest was made without a warrant.

■■■ The Arizona statute regarding arrest by a police officer without a warrant reads as follows:

"A peace officer may, without a warrant, arrest a person: * * * (3) When a felony has in fact been committed, and he has probable cause to believe that the person to be arrested has committed it." § 13–1403 A.R.S.

The officer in this case had probable cause to believe that a felony had in fact been committed. We must ask ourselves under the evidence as adduced at the court below even when viewed in the light most favorable to upholding the decision, State v. Stephens, 66 Ariz. 219, 186 P.2d 346 (1947), State v. Taylor, 2 Ariz.App. 314, 408 P.2d 418 (1965), whether the officer had reasonable ground for believing that the defendant had committed the burglary. It should be noted that the police officers received information concerning the defendant some 30 days before the arrest was made, and that there was ample time from the 13th of August to the 13th of September to obtain a warrant. Based on the testimony produced at the trial the officers' only grounds for believing the defendant was guilty of the burglary was the anonymous phone call:

"Courts often disagree on the composition of reasonable ground in a particular case but generally agree that the presence or absence of reasonable ground is determined from the particular facts and circumstances of each case." State

v. Musgrove, 2 Ariz.App. 505, 506, 410 P.2d 127, 128 (1966).

Evidence which would warrant an officer of reasonable caution and prudence in believing that a felony has been committed, and that the person to be arrested is guilty of that crime is sufficient to constitute reasonable ground or probable cause. Worthington v. United States, 6 Cir., 166 F.2d 557 (1948); People v. Melchor, 237 Cal. App.2d 685, 47 Cal.Rptr. 235 (1965); State v. Pederson, 102 Ariz. 60, 424 P.2d 810 (1967).

The information obtained in this case came from an informant who refused to identify herself. The source was unknown, untested, and could be wholly unreliable. The California Supreme Court in dealing with a problem similar to the one at hand stated:

"It is settled that in absence of a pressing emergency, an arrest without a warrant may not be based solely upon information received by the police from an informant not known to the arresting officers, or if known, not known to be reliable." People v. Brice, 234 Cal.App. 2d 258, 44 Cal.Rptr. 231, 236 (1965).

And:

"The arrest warrant procedure serves to insure that the deliberate, impartial judgment of a judicial officer will be interposed between the citizen and the police, to assess the weight and credibility of the information which the complaining officer adduces as probable cause. Cf. Jones v. United States, 362 U.S. 257, 270, 80 S.Ct. 725, 4 L.Ed.2d 697, [707] [78 A.L. R.2d 233]. To hold that an officer may act in his own, unchecked discretion upon information too vague and from too untested a source to permit a judicial officer to accept it as probable cause for an arrest warrant, would subvert this fundamental policy." Wong Sun v. United States, 371 U.S. 471, 481, 83 S.Ct. 407, 414, 9 L.Ed.2d 441 (1963).

■ It is our opinion that the information received from the anonymous phone call was too unreliable to justify a finding

that the officer had reasonable grounds to believe the defendant had committed the burglary in order to arrest him without a warrant.

It may well be that there was sufficient information given as a result of the phone call made by the arresting officer to the defendant or in the conversation in the apartment between the arresting officers and the defendant which would warrant a finding of probable cause on the part of the arresting officer, but evidence of these conversations were not introduced into evidence in the trial court and we may not consider them on appeal.

■ This brings us to the basic question before this Court. Since the arrest was illegal, did the defendant have the right to resist such an attempted arrest? We think the answer to this question must be in the affirmative. A.R.S. § 13–541 states that:

"A person who attempts by means of any threat or violence to deter or prevent a public officer from performing any duty imposed upon the officer by law, or who wilfully resists, delays or obstructs a public officer in the discharge or attempt to discharge any duty of his office, or who knowingly resists by the use of force or violence the officer in the performance of his duty, where the punishment is not otherwise specifically prescribed, shall be punished by a fine not exceeding five thousand dollars and imprisonment in the state prison for not to exceed five years, or by imprisonment in the county jail for not to exceed one year."

The above statute is designed to aid the police officers in the discharge of their duty, and, while police officers in the making of an arrest must not be interfered with, the statute presupposes a lawful arrest. An individual has the right to be free from false arrest, and he may not be deprived of this liberty except in the manner provided by law. Platt v. Greenwood, 50 Ariz. 158, 69 P.2d 1032 (1937).

" * * *, the 'law is that a person illegally arrested may resist the arrest, using such force as may be reasonably necessary, short of killing the arresting officer.' (Dugan v. State, 54 Ariz. 247, 250, 94 P.2d 873, 874)." Everett v. State, 88 Ariz. 293, 296, 356 P.2d 394 (1960).

Judgment reversed.

DONOFRIO, J., and WILLIAM W. NABOURS, Superior Court Judge, concur.

NOTE: Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter Judge WILLIAM W. NABOURS was called to sit in his stead and participate in the determination of this decision.