285 P.2d 161

**The STATE of Arizona, Plaintiff,**

v.

**Weldon Anderson WESTBROOK and Harold R. Erickson, Defendants.**

No. 1059.

Supreme Court of Arizona.

Dec. 21, 1954.

Ross F. Jones, Atty. Gen., Earl E. Weeks, Asst. Atty. Gen., for the State.

Martin S. Rogers, Tucson, for defendants.

STANFORD, Justice.

Under the authority of Section 44–2401, A.C.A.1939, the Superior Court of Pima County, Division 1, has certified two questions to this court.

The record indicates that on October 1, 1953, defendants were charged by information with the crime of attempted burglary. A jury trial followed in which a verdict of not guilty was returned. An information was then filed charging the defendants with the crime of conspiracy to commit burglary. At the second trial the jury returned a verdict of guilty. Prior to imposition of sentence, the trial court has certified the following questions:

1. Is the prosecution barred in this case of conspiracy to commit burglary by reason of the acquittal of attempted burglary?

2. Is conspiracy to commit burglary an included lesser offense of attempted bur-

118

glary, under the facts of this case, and the prosecution barred?

The answer to the first question lies in the interpretation to be placed on Section 43–6101, A.C.A.1939. It reads:

"43–6101. *Different punishments prescribed, either may be imposed—Previous conviction.*—An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no case under more than one (1); an acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

We need to determine, then, whether the two crimes charged in this case are based on the same act or omission, in other words, whether the two crimes have identical components. The elements of criminal conspiracy include: (1) an object to be accomplished; (2) a plan embodying means to accomplish that object; (3) an agreement or understanding between two or more persons whereby they become committed to cooperate for the accomplishment of the object; (4) an overt act, except in the case of an agreement to commit a felony upon the person of another or to commit arson or burglary. State v. Sullivan, 1948, 68 Ariz. 81, 200 P.2d 346; 15 C.J.S., Conspiracy, § 35; Section 43–1102, A.C.A.1939. The elements of criminal attempt are: (1) an intent to commit the crime; (2) a direct ineffectual act done towards its commission. People v. Benenato, 1946, 77 Cal.App.2d 350, 175 P.2d 296; 14 Am.Jur., Criminal Law, Section 65.

Does the prosecution for a conspiracy to commit a burglary and an attempt to commit a burglary involve the same "act or omission" within Section 43–6101, supra? Clearly, the answer is no. The essence of criminal conspiracy is the *unlawful combination,* State v. Sullivan, supra, while the essence of criminal attempt is the intentional doing of an overt act which is interrupted by some independent cause. 14 Am. Jur., Criminal Law, Section 65. Under the Arizona statute, there need be no overt act for the crime of conspiracy to commit burglary. Section 43–1102, supra. The circumstance that almost identical evidence was used in the prosecution of the two crimes involved in this appeal is not fatal. The act or omission to be proved in each case was patently different.

Support for this conclusion may be found in other jurisdictions: People v. Benenato, supra (where defendant was convicted of conspiracy to commit the crime of pandering and of an attempt to commit the crime of pandering); Brown v. United States, 8 Cir., 1948, 167 F.2d 772, and Rutledge v. United States, 8 Cir., 1948, 168 F.2d 776, (both involving an attempt to escape from jail and a conspiracy to effect an escape from jail). There is a long line of authority establishing the proposition that the commission of a substantive offense and

a conspiracy to commit it are separate and distinct offenses. Sealfon v. United States, 1948, 332 U.S. 575, 68 S.Ct. 237, 92 L.Ed. 180; Pinkerton v. United States, 1946, 328 U.S. 640, 66 S.Ct. 1180, 90 L.Ed. 1489; 15 Am.Jur., Criminal Law, Section 385. It is only an identity of offenses which is fatal. Gavieres v. United States, 1911, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489.

We hold that prosecution for conspiracy to commit burglary is not barred by reason of an acquittal of attempted burglary.

The second question involves the interpretation of Section 44–1015, A.C.A. 1939. It reads:

*"Former jeopardy or acquittal bars lesser offenses.*—When the defendant is convicted or acquitted, or has once been placed in jeopardy upon an indictment or information, the conviction, acquittal or jeopardy is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same, or for any offense necessarily included therein, of which he might have been convicted under the indictment or information."

The problem is whether the conspiracy to commit burglary is an "offense necessarily included" within the crime of attempted burglary. The test to be applied is simple: Is the first offense one that cannot be committed without necessarily committing the second? People v. Greer, 1947, 30 Cal.2d 589, 184 P.2d 512, 516; State v. Shannon, 1939, 136 Me. 127, 3 A.2d 899, 901, 120 A. L.R. 1166; 15 Am.Jur., Criminal Law, Section 380. From our analysis of the elements of the two crimes there can be but one conclusion. In this state, two persons could certainly conspire to commit the crime of burglary without doing the overt act required for the crime of attempted burglary. That is to say, two persons could be innocent of the crime of attempted burglary and at the same time be guilty of making an agreement to cooperate in the commission of the crime.

When two or more agree to commit a breach of the criminal law, the offense may outweigh the mere commission of the contemplated crime. It involves deliberate plotting to subvert the law and it is characterized by secrecy, rendering it difficult of detection, requiring more time for its discovery, and adding to the importance of punishing it when discovered. United States v. Rabinowich, 1915, 238 U.S. 78, 88, 35 S.Ct. 682, 684, 59 L.Ed. 1211.

A conspiracy to commit burglary is not an included lesser offense of attempted burglary and the prosecution is not barred.

Both questions submitted are answered in the negative.

PHELPS, C. J., and LA PRADE, UDALL and WINDES, JJ., concur.