THE STATE OF WASHINGTON, *Respondent*, v. JAMES LEE HUNTER *et al., Appellants.*

*Phil Mahoney,* for appellants (appointed counsel for appeal).

*Charles O. Carroll, Prosecuting Attorney,* and *Michael DiJulio, Deputy,* for respondent.

JAMES, C. J.—James Lee Hunter and Eardie Brooks were tried jointly and found guilty by a jury of the crime of robbery. Both appeal.

■ ·Four assignments of error are made. Appellants first assign error to the trial judge's denial of their motion for a continuance. The motion was based upon the fact that their attorney had to argue a case before the Supreme Court during the course of the trial, thus necessitating an interruption of the trial. Appellants fail to mention this assignment at any point in their brief after they listed it as an assignment of error. Because of this failure to make any argument in support of this assignment and because it is not meritorious on its face, we do not consider this assignment. *State v. Frye,* 53 Wn.2d 632, 335 P.2d 594 (1959); *State v. Williams,* 49 Wn.2d 354, 301 P.2d 769 (1956).

■ Appellants next assign error to the trial judge's denial of their motion for separate trials. The granting of separate trials under RCW 10.46.100 is discretionary. The trial judge's determination will not be disturbed unless he manifestly abused his discretionary prerogative. *State v. Davis,* 73 Wn.2d 271, 438 P.2d 185 (1968). We find nothing in the record to support the claim that the denial of separate trials in this case was an abuse of judicial discretion.

Sometime during the evening before the last day of the 3-day trial, Brooks, who was at liberty on bail, was arrested and jailed pursuant to a bench warrant issued by a district court judge in another case in which Brooks was a defendant. Brooks assigns error to the trial judge's denial of his motion for a mistrial or for a continuance. Brooks claims that his arrest frustrated him in his search for alibi witnesses. He charges the prosecuting attorney with misconduct because of the occurrence.

■ It was not established that the prosecuting attorney was even aware of Brooks' arrest until the following morning. Brooks cites no authority to support his claim of error. "Where no authority is cited in support of a proposition, the court is not required to search for authority and will not give consideration to such errors unless it is apparent on the face of the assignments that they have merit." *State v. Alden,* 73 Wn.2d 360, 363, 438 P.2d 620 (1968). We find

no merit in Brooks' assignment of error either on its face or from a reading of the record of the trial.

Finally, appellants challenge the sufficiency of the evidence to sustain the verdict. No similar challenge was made at trial nor did appellants move to arrest judgment.

■■ Claimed errors not asserted at trial will ordinarily not be considered on appeal. *State v. Badda,* 68 Wn.2d 50, 411 P.2d 411 (1966). In any event, a challenge to the sufficiency of the evidence to warrant submission of the factual issues of a case to the jury is a question of law to be resolved by the trial judge, and no element of discretion is involved. "Where there is any evidence, however slight, and the evidence is conflicting or is such that reasonable minds may draw different conclusions therefrom, the question is for the jury." *State v. Reynolds,* 51 Wn.2d 830, 834, 322 P.2d 356 (1958). Our review of the record satisfies us that there was substantial evidence to establish the appellants' guilt.

The judgment is affirmed.

FARRIS and SWANSON, JJ., concur.