481 P.2d 844

**The STATE of Arizona, Appellee,**

**v.**

**Victor Romero MENDOZA, aka Victor Cruz Mendoza, Appellant.**

**No. 2164.**

Supreme Court of Arizona,
In Banc.
March 5, 1971.

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., Phoenix, for appellee.

James B. Greenwood, Bisbee, for appellant.

CAMERON, Justice.

This is an appeal from jury verdicts and judgments of guilt to the crimes of rape in the 1st degree, § 13–611, as amended, and § 13–614, subsec. C A.R.S., as amended, and assault with a deadly weapon, to wit: a knife, § 13–249 A.R.S., as amended. The defendant entered a plea of guilty to Count III of the information charging a prior conviction (robbery and aggravated assault) pursuant to § 13–1649 A.R.S. Defendant was sentenced to 10 to 15 years on each offense, the time to be served concurrently.

We are called upon to answer three questions:

1. Did the trial court err in failing to grant defendant's motion to remand for a preliminary hearing?

2. Did the State's attorney err in cross-examining the defendant regarding prior convictions?

3. Did the trial court fail to properly instruct the jury (a) as to a lesser included offense, and (b) that each count of the information should be considered separately?

The facts necessary for a determination of the matter on appeal are as follows. Defendant, through a friend, had obtained the services of the victim, a 15-year-old high school girl to "baby-sit" in Bisbee, Arizona, with the children of his girl friend. Shortly after midnight he returned and proceeded to drive the baby-sitter home in his automobile. Instead of going to her house, however, he drove south of Bisbee and between Bisbee and Naco, turned off the main highway and there placed the point of a knife at her neck and forced her to submit to sexual intercourse. He returned the victim to her mother's house about 2:00 a. m. The victim told her parents what had occurred and the mother and father took the girl to the Bisbee Police Station. An immediate search was made of the area where the rape occurred. The knife defendant used in the attack was found at the scene and a medical examination of the victim corroborated her story. Defendant's fingerprints were found on the knife.

Defendant was held to answer and after arraignment in Superior Court defendant

was appointed an attorney to represent him. His attorney filed a timely motion to remand for preliminary hearing supported by an affidavit of the defendant which recited that the defendant had waived the preliminary hearing in reliance upon the magistrate's representation that said magistrate could not appoint counsel for him, and that until he was arraigned in the Superior Court he would have to employ his own. After hearing, the motion for remand was denied but a motion of the defendant for discovery and examination was granted.

## WAS IT ERROR NOT TO REMAND THE MATTER TO THE JUSTICE COURT FOR PRELIMINARY HEARING?

Defendant waived his preliminary hearing and was held to answer to the Superior Court. At the time of his arraignment in the Superior Court, counsel was appointed to represent him and counsel asked that the matter be remanded to the Justice Court for a preliminary hearing. This motion was later supplemented by an affidavit of the defendant which stated that he had requested an attorney be appointed to represent him when he appeared before the Justice of the Peace and that:

"4. Deponent believed that an attorney would be appointed for him in the Superior Court and that such attorney under the law would have a right to demand and would by such demand obtain a preliminary hearing for your deponent.

"5. It was only under these conditions and of this understanding of the law that deponent waived his preliminary examination."

The affidavit of the Justice of the Peace filed by the County Attorney in opposition to the motion to remand for preliminary hearing stated as follows:

"A copy of the proceedings at the hearing of August 25th, 1969, is attached hereto and incorporated herein by reference. Affiant fully advised the said Victor Cruz Mendoza of his rights when he appeared before affiant on August 25th, 1969. Affiant had previous knowledge of Mr. Mendoza and his repeated brushes with the law and took particular pains to insure that the procedural due process was afforded to Mr. Mendoza.

"When affiant refused to reduce Mr. Mendoza's bail he, Mendoza, demanded that he be sent to the Superior Court and stated that he had no desire to have any further dealings with the affiant."

The notes of the Justice of the Peace contain the following:

"Defendant given his legal rights as to an attorney, and a preliminary hearing.

"Defendant given a copy of complaint and complaint read to him.

"Defendant asked that bail be reduced. Motion denied.

"Defendant asked to be sent to Superior Court. Bond set at $10,000 and defendant bound over to Superior Court of Cochise County, Arizona."

The attorney for the defendant also moved the court under the provisions of Rule 195, Rules of Criminal Procedure, 17 A.R.S., for discovery and inspection of numerous documents and evidence possessed by the County Attorney.

The motion for discovery was granted and the motion for a preliminary hearing was denied. The rule in Arizona is well-settled that a defendant may waive a preliminary hearing. State v. Hansen, 105 Ariz. 368, 464 P.2d 960 (1970), State v. Davis, 105 Ariz. 498, 467 P.2d 743 (1970), and even where requested the failure to assign counsel to represent defendant at a preliminary hearing is not error where there is no evidence that the trial is prejudiced thereby. State v. Smith, 99 Ariz. 106, 407 P.2d 74 (1965); State v. Wise, 101 Ariz. 315, 419 P.2d 342 (1966); and State v. Miranda, 104 Ariz. 174, 450 P.2d 364 (1969). Defendant, however,

cites the United States Supreme Court case of Coleman v. Alabama, 399 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387, 22 June 1970. Coleman v. Alabama, supra, was decided after the events took place in this case and' we have held that Coleman, supra, is not to be given retroactive application. State v. Riley, 106 Ariz. 318, 475 P.2d 932 (1970). However, regardless of the retroactivity of Coleman, the United States Supreme Court made it clear that where the failure to appoint counsel at the preliminary hearing is shown to be non-prejudicial, the matter need not be reversed on appeal. The Supreme Court stated:

> "But on the record it cannot be said whether or not petitioners were otherwise prejudiced by absence of counsel at the preliminary hearing. That inquiry in the first instance should be more properly made by the Alabama courts. The test to be applied is whether the denial of counsel at the preliminary hearing was harmless error under Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). See United States v. Wade, supra, 388 U.S. at [218,] 242, 87 S.Ct. at [1926,] 1940, 18 L.Ed.2d 1149." Coleman v. Alabama, supra, 90 S.Ct. at 2004.

In the instant case the attorney had the benefit of receiving from the County Attorney every item he requested in his motion for discovery and the record does not indicate that the attorney for the defendant was in the dark as to any item of evidence nor was he hampered in any way in: his abilities to defend the defendant. Under the circumstances, we do not feel that the defendant was prejudiced by his lack of counsel at the preliminary hearing or the failure of the court to remand for preliminary hearing.

### WAS THE STATE'S CROSS-EXAMINATION IMPROPER?

Defendant took the stand in his own defense and the following questions were asked:

"Q   Now Mr. Mendoza, in July, 1967, you were convicted of the crime of assault with a deadly weapon in Pima County?

"A   In July, I believe I was.

"Q   Well, yes or no?

"A   Yes.

"Q   Hugh. Yes you were?

"A   (Witness indicates, but no audible answer.)

"Q   And in April, 1967, you were convicted in this same courthouse of robbery and aggravated battery?

"A   Back up there. What was the first date there that I got convicted on?

"Q   Well—(Interrupted)

"A   You said it was in July?

"Q   The first one I am talking about is in Tucson.

"A   Right.

"Q   Was it assault with a deadly weapon?

"A   Right.

"Q   Were you also convicted in 1967 in this Courthouse in Bisbee of robbery and aggravated battery?

"A   Yes."

Our Court has held that when a defendant takes the stand in his own behalf, he may be impeached by prior convictions even if the convictions have been charged in the information and admitted by the defendant. State v. Foggy, 101 Ariz. 459, 420 P.2d 934 (1967).

> "The general rule is that the state may inquire of the defendant when he is a witness if he was previously convicted of a felony. If the answer is in the affirmative he may be asked the number of such convictions, the names and nature of the crimes, and the places where they were committed * * *." State v. Sorrell, 85 Ariz. 173, 177, 333 P.2d 1081, 1083, 1084 (1959).

## WERE THE INSTRUCTIONS PROPER?

■ Defendant contends that the court erred in failing to instruct the jury as to a lesser included offense. The trial court did give an instruction on statutory rape (§ 13–611, subsec. B A.R.S.) as well as assault by means of force likely to produce great bodily harm (§ 13–249, subsec. A A.R.S.) and aggravated assault (§ 13–245 A.R.S.). Generally, in the absence of a request by the appellant for an instruction on lesser included offenses, it is error for the trial court to give such instruction. Uren v. State, 27 Ariz. 491, 232 P. 398 (1925). We find no such request in the record and having failed to make such a request to the trial court, the failure to request not being fundamental, we will not consider the matter on appeal.

■ The defendant contends next the court failed to instruct the jury to consider each count of the information separately and that they had to "decide each count separately and on the evidence in law applicable to it uninfluenced by * * * the other counts", and that the defendant could be "convicted or acquitted on any one or all of the offenses charged." We find no such requested instruction in the record, but if one had been given such as that cited above by the defendant, it would have clearly been error. Our statute reads:

> "An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars the prosecution for the same act or omission under any other." § 13–1641 A.R.S.

Our statutes read:

"§ 13–611. Definition; degrees

"A. Rape in the first degree is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under any of the following circumstances:

* * * * * * *

"3. Where the female is prevented from resisting by threats of immediate and great bodily harm, accompanied by apparent power of execution, or by an intoxicating, narcotic or anaesthetic substance, administered by or with privity of the accused."

And:

"§ 13–249. Assault with deadly weapon or force; punishment

"A. A person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury, shall be punished by imprisonment in the state prison for not less than one nor more than ten years, by a fine not exceeding five thousand dollars, or both.

"B. A crime as prescribed by the terms of subsection A, committed by a person armed with a gun or deadly weapon, is punishable by imprisonment in the state prison, for the first offense, for not less than five years, for a second offense, not less than ten years, for a third or subsequent offense, not less than twenty years nor more than life imprisonment, and in no case, except for first offense, shall the person convicted be eligible for commutation of sentence."

In a recent opinion of this Court, wherein the defendant was charged with attempted kidnapping while armed with a gun, Count I, and assault with a deadly weapon or instrument, to wit: a gun, Count II, both offenses or counts arising out of the same act, our Court stated that the "practical test is to eliminate the elements in one charge and determine whether the facts left would support the other charge." State v. Mitchell, 106 Ariz. 492, 478 P.2d 517, 520 (1970). In the instant case, it is clear that the element of force or violence necessary to the crime of 1st degree rape was supplied by the fear of personal violence induced by the defendant's usage of a deadly weapon, to wit: the knife, and

without such usage that element of 1st degree rape would not exist. As was stated in State v. French, 104 Ariz. 359, 361, 453 P.2d 505, 507 (1969):

> "The elements constituting robbery and grand theft—auto, are not entirely different, nor may robbery occur without the taking of personal property. We therefore hold that the grand theft auto conviction and sentence cannot stand. In view of the fact that the sentences imposed are concurrent, it is ordered that the judgment and conviction for grand theft—auto, is vacated and the sentence set aside. No further action is required of the trial court." 104 Ariz. at 361, 453 P.2d at 507.

We do not by this opinion hold that there cannot be fact situations wherein a person may be convicted of both assault and 1st degree rape. That determination must be made on a case to case basis. We do hold that under the facts in this case the two convictions and sentences cannot stand together. So much of the previous opinions by this court in State v. Moncayo, 94 Ariz. 390, 385 P.2d 521 (1963) and State v. Enriquez, 104 Ariz. 16, 448 P.2d 72 (1968), rehearing denied 14 January 1969, as are in conflict herewith are, by this opinion, overruled.

Our court has stated that where a person is convicted and sentenced on two counts based upon one act, that the trial judge should then set aside the lesser conviction. State v. Ballez, 102 Ariz. 174, 427 P.2d 125 (1967). In view of the fact that the sentences imposed herein are the same and are concurrent, it will not be necessary to remand for resentencing.

It is ordered that, with the issuance of the mandate herein, the conviction and judgment and sentence for assault with a deadly weapon is reversed. No further action is required by the trial court.

Judgment affirmed.

STRUCKMEYER, C. J., H. HAYS, V. C. J., and UDALL and LOCKWOOD, JJ., concur.