[No. 346-41657-3. Division Three. June 8, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. TIMOTHY GUY
IDDINGS, *Appellant*.

*William L. Dowell*, for appellant (appointed counsel for appeal).

*Henry Dunn, Prosecuting Attorney*, for respondent.

MUNSON, C.J.—Defendant, Timothy Guy Iddings, appeals from convictions on three counts of first-degree kidnapping, three counts of second-degree assault, one count of robbery and one count of grand larceny. All charges arose out of the same incident and were tried at the same time as a result of a consolidation of informations.

Defendant's assignments of error may be grouped into three categories: (1) whether the trial court properly consolidated two informations for the purpose of trial; (2) whether certain evidence was properly admitted; and (3)

whether the accumulation of alleged errors and prosecutorial misconduct deprived defendant of a fair trial.

Defendant allegedly abducted one woman and two men at gunpoint, forced them to drive him around Longview, Washington, demanded and was given the men's wallets, fired several shots through the windshield of their car and struck one of the men about the head with a revolver. Shortly after forcing the three abductees out of the car, defendant abandoned the vehicle and fled on foot. At the time of defendant's arrest the arresting officers had a general description of the culprit, as well as information[1] which indicated the robber-abductor may have been an associate of one Gary Holcomb whom they had arrested earlier in connection with these crimes. Defendant, an associate of Holcomb whose description matched that of the abductor, was seen walking along the street in the vicinity of the abandoned car and in the general area where the victims had been released. He was stopped and frisked. A credit card belonging to one of the victims was found in his hand, visible to the arresting officers. His testimony explaining his possession of this card must have been rejected by the jury.

At trial a 9-shot, .22 caliber revolver with a barrel approximately 5 inches in length was introduced. Defendant objected that no foundation had been laid for its introduction. Foundation testimony was given by Holcomb who stated it was similar to one belonging to defendant and which defendant had in his possession immediately prior to the robbery. Furthermore, one of the abductees testified that the weapon with which he was assaulted was a revolver with a 5-inch barrel.

In defense, defendant testified he had been in the vicinity

---

[1]The abductor had paid peculiar attention to a white Thunderbird automobile during the abduction trip. A police officer had observed the Thunderbird in the area on two occasions during the time these crimes were being committed. On stopping the Thunderbird it was learned it was driven by Gary Holcomb. Defendant and Holcomb were known to the local police from previous criminal activities.

of the crime to see an old girl friend. In rebuttal, the state introduced certain photographs which contradicted defendant's description of the area where he allegedly waited to see her.

## WHETHER THE COURT ERRED IN
## CONSOLIDATING THE INFORMATIONS

 Consolidation of informations for trial lies within the sound discretion of the trial court. While numerous crimes are set forth in the consolidated informations, they arose out of one incident. The record clearly discloses defendant was not embarrassed or prejudiced by the consolidation. Therefore, we find no abuse of discretion by the trial court. *State v. Smith,* 74 Wn.2d 744, 446 P.2d 571 (1968); *State v. Hunter,* 3 Wn. App. 552, 475 P.2d 892 (1970).

## WHETHER CERTAIN EVIDENCE WAS PROPERLY ADMITTED

 We find probable cause existed to justify defendant's arrest. *State v. Todd,* 78 Wn.2d 362, 474 P.2d 542 (1970); *Evalt v. United States,* 359 F.2d 534, 539 (9th Cir. 1966). The credit card and sweater introduced at trial were found in a search incident to that arrest and are consequently admissible. *Hill v. California,* 401 U.S. 797, 28 L. Ed. 2d 484, 91 S. Ct. 1106 (1971).

 Objects offered in evidence have relevancy if they are connected either with the offense or the defendant. Many times they will be connected with both, but such is not necessary. They are relevant so long as they pertain to any issue involved. *State v. Westphal,* 62 Wn.2d 301, 382 P.2d 269 (1963); 1 H. Underhill, Criminal Evidence § 115 at 114 (5th ed. P. Herrick Supp. 1970). Consequently, the two wallets identified as those taken from the victims on the night of the crime were properly admitted into evidence.

The revolver, based upon the testimony of Gary Holcomb, was properly admitted as a weapon similar to the one used in the commission of the crime. As stated in *Liakas v. State,* 161 Neb. 130, 143, 72 N.W.2d 677 (1955),

*cert. denied,* 351 U.S. 924, 100 L. Ed. 1454, 76 S. Ct. 780 (1956):

> [W]here an accused is identified as having been at or near the scene of a crime about the time of its commission evidence showing that he owned, possessed, or had access to any articles with which the crime was or might have been committed is competent.

■ In rebuttal the admission of three photographs of the general area described by defendant in his alibi was proper. The admissibility of same is within the discretion of the trial court and we find no abuse thereof.

### WHETHER THE ACCUMULATION OF ERRORS AND PROSECUTORIAL MISCONDUCT DEPRIVED DEFENDANT OF A FAIR TRIAL

An examination of the record indicates no prosecutorial misconduct. As for the cumulative effect of alleged errors, there is no indication they precluded defendant from receiving a fair trial. The evidence of either Gary Holcomb or the victims, if believed by the jury, would be sufficient to support defendant's conviction and the weight of their combined testimony is overwhelming in that regard. *State v. Martin,* 73 Wn.2d 616, 440 P.2d 429 (1968); *State v. Stewart,* 2 Wn. App. 637, 468 P.2d 1006 (1970).

Judgment affirmed.

GREEN and EVANS, JJ., concur.

Petition for rehearing denied June 28, 1971.

Review denied by Supreme Court July 26, 1971.