491 P.2d 838

**STATE of Arizona, Appellee,**

**v.**

**August GEORGE, Appellant.**

**No. 2272.**

Supreme Court of Arizona,
In Banc.

Dec. 15, 1971.

**6**

as the defendant) who asked him whether he was married. Upon replying that he was not a married man, the defendant produced a handgun, pointed it at Krawsofski and demanded his money. Krawsofski pulled out his wallet and was in the process of taking his money out when the defendant ordered him to turn around and walk towards the far end of the parking lot. As they walked towards the far end of the parking lot, Krawsofski handed approximately $16.00 (over his shoulder) to the defendant. Upon reaching the far end, defendant asked to see Krawsofski's wallet. Another dollar bill was found therein and was taken. Krawsofski was then ordered to get on the ground between the parked cars and remain there. He was warned not to try "anything funny" and not to be a hero or he would get hurt. The robber then made good his escape.

Several weeks later, defendant, having been recognized by Krawsofski who immediately called the police, was arrested. He was tried and convicted. This appeal followed.

Defendant's sole contention on appeal is that he was subjected to double punishment in violation of A.R.S. § 13–1641 because, although he had committed only one act, judgment was entered against him on both jury verdicts of guilty and he was sentenced on both counts. With this contention, we agree.

A.R.S. § 13–1641 provides that an "act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one." In State v. Mitchell, 106 Ariz. 492 at 495, 478 P.2d 517 at 520 (1970), this Court, reaffirming the "identical elements test" set forth in State v. Westbrook, 79 Ariz. 116, 285 P.2d 161 (1954), which test was to be used in determining whether § 13–1641 had been violated, stated:

> "The practical test is to eliminate the elements in one charge and determine whether the facts left would support the other charge."

Gary K. Nelson, Atty. Gen., by Albert M. Coury, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

UDALL, Justice:

Defendant, August George, appeals from a judgment entered upon jury verdicts finding him guilty of one count of robbery and one count of assault with a deadly weapon, and from concurrent sentences imposed thereunder of not less than 5 nor more than 7 years.

The facts are that on the 11th of July, 1970, at approximately 11:30 p. m., Peter Krawsofski drove his car into the parking lot of a tavern known as "Harry's Capri" in Phoenix. He locked his car and proceeded to the tavern's entrance where he was approached by a man (later identified

Applying this test to the case at bar it is abundantly clear that only one crime was committed. Since defendant was convicted of two crimes based upon one act and sentenced thereunder in violation of A.R.S. § 13-1641, the lesser of the two must be set aside. State v. Mendoza, 107 Ariz. 51, 481 P.2d 844 (1971).

■■. Robbery is defined in A.R.S. § 13-641 as "the felonious taking of personal property in the possession of another from his person, or immediate presence, and against his will, accomplished by means of force or fear." As is seen from this statutory definition of robbery, one of the essential elements thereof is the use of force or the putting in fear—in this case, the pointing of the pistol at the robbery victim. It should be noted that this very same act of pointing the pistol was relied upon to convict the defendant of the additional crime of assault with a deadly weapon.

If the element of force required in the assault with a deadly weapon is eliminated, the element of force or fear required for the commission of the robbery is eliminated as well, leaving only the crime of assault with a deadly weapon. Similarly, if the element of force necessary for the robbery is eliminated, the element of force relied upon in convicting defendant of assault with a deadly weapon no longer remains, leaving only the crime of robbery. Thus, one of the two charges must be eliminated. In the instant case, the pointing of the pistol supplied the force or fear required to sustain a conviction for robbery or assault with a deadly weapon, but not both.

■ While defendant should not have been convicted of both crimes under the circumstances of this case, we do not mean to say that there cannot be factual situations wherein a person may be convicted of both robbery and assault with a deadly weapon. See State v. Mendoza, supra.

■ Having found defendant to have been improperly convicted of both robbery and assault with a deadly weapon and sentenced thereunder, we hold that defendant's conviction for assault with a deadly weapon must be set aside and the sentence imposed thereunder must be vacated. In view of the fact that the sentences imposed thereon are the same and are concurrent, remand for resentencing will not be necessary.

Reversed in part; affirmed in part.

STRUCKMEYER, C. J., HAYS, V. C. J., and LOCKWOOD and CAMERON, JJ., concur.