492 P.2d 395

**STATE of Arizona, Appellee,**
v.
**Percy HORTON, Appellant.**
**No. 2229.**

Supreme Court of Arizona,
In Banc.
Jan. 5, 1972.

Gary K. Nelson, Atty. Gen., Paul J. Prato, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender, Maricopa County, James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

Percy Horton was charged with one count of robbery and one count of assault with a deadly weapon. Prior to trial he moved to suppress any in-court identification made by the victim. The trial court ruled that identification made at the actual lineup would be suppressed but the in-court identification was admissible. Upon trial the jury returned a verdict against the defendant on both counts as charged.

On April 19, 1970, at approximately 2:00 to 2:30 in the morning James Busby was in

the vicinity of 18th Street and Van Buren making a long distance phone call when a man, later identified as the defendant, confronted him with a gun which the man stuck in the victim's ribs and threatened to shoot him if he made a sound. The man then proceeded to search Busby's pockets and removed a checkbook and wallet containing $78 in cash and various cards. The robber then ran off. The telephone operator overheard the man during the robbery and immediately called the police.

Officer Armando Soldate testified that while on duty with Officer Gustafson that same evening he observed a vehicle make a quick turn into an alley and continue at a high rate of speed down the alley. The officers followed the vehicle and noticed someone jump out of the vehicle. The driver of the vehicle, the defendant, finally stopped in a driveway after running through stop signs and leading the officers on a long chase. He leaped from his car and ran, pursued by Officer Soldate who caught him and arrested him for reckless driving. At that time the defendant declared, "[y]ou can arrest me for that reckless driving, but you can't get me for no robbery."

Within a few minutes after the defendant was arrested the officers were informed by radio that there had been a robbery in the vicinity. The defendant was placed in custody for reckless driving.

The following day the defendant was placed in a lineup with four other individuals and Busby identified him as the person who had robbed him. He was not represented by counsel at the lineup. Subsequently he was charged with the crimes of robbery and assault with a deadly weapon.

The basis of defendant's appeal is two-fold: (1) the court erred in refusing to suppress the in-court identification, and (2) it was error to convict and sentence defendant on both counts charged. The court correctly admitted the in-court identification because it was based upon observation of the defendant at the robbery and not at the lineup. *See* State v. Washington, 107 Ariz. 521, 489 P.2d 1201 (1971).

The second question raised on this appeal is whether it was error to convict the defendant of both robbery and assault with a deadly weapon. A.R.S. § 13–1641 (1956) provides:

"An act or omission which is made punishable in different ways by different sections of the law may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

This case is squarely on all fours with State v. George, 108 Ariz. 5, 491 P.2d 838 (12–15–71); See also State v. Tinghitella, 108 Ariz. 1, 491 P.2d 834 (12–17–71).

In State v. George, *supra,* we held that the identical elements test was the proper standard to be applied for determination of whether the crimes charged were in fact equal to only one act. See also State v. Mitchell, 106 Ariz. 492, 478 P.2d 517 (1970); State v. Westbrook, 79 Ariz. 116, 285 P.2d 161 (1954).

Application of this rule requires elimination of the elements in one charge and determination of whether the facts left would support the other charge. Robbery is defined as "the felonious taking of personal property in the possession of another from his person, or immediate presence, and against his will, accomplished by means of force or fear." A.R.S. § 13–641. Assault with a deadly weapon is defined as "a person who commits an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury." A.R.S. § 13–249. Conceivably there could be factual situations where one individual could at the same time be charged with both crimes. In the facts of the instant case, however, the assault with the deadly weapon was merely incidental to the robbery.

The defendant took the wallet and checkbook from the person of the victim. He

accomplished this act by putting the victim in fear with the use of a gun. The assault with a deadly weapon was committed by use of the gun, which was "likely to produce great bodily injury." It is clear that under these facts the assault with the deadly weapon was merely a means of accomplishing the robbery. All the elements of the assault with the deadly weapon are included in the crime of robbery. Therefore the conviction on the lesser charge of assault with a deadly weapon is set aside, and sentence therefor vacated. The judgment and the sentence on the robbery charge are affirmed.

HAYS, C. J., UDALL, V. C. J., and STRUCKMEYER and CAMERON, JJ., concur.