492 P.2d 1204

**STATE of Arizona, Appellee,**

v.

**Lewis Edward JERNIGAN, Appellant.**

**No. 2284.**

Supreme Court of Arizona,
In Banc.
Jan. 26, 1972.

Gary K. Nelson, Atty. Gen., Albert M. Coury, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

LOCKWOOD, Justice:

Lewis Edward Jernigan was charged with one count of robbery and one count of assault with a deadly weapon. He was tried, convicted and sentenced to not less than five nor more than six years on each count, sentences to run concurrently.

On January 16, 1970, at approximately 7:35 p.m. Charles Elstrom, a cab driver, picked up two negro males, one of whom was later identified as the defendant. He was directed to drive them to 1738 East Lincoln Street. Upon arrival at this destination, the two men got out of the car and walked to the rear, and Elstrom followed them. Defendant's companion drew a revolver, pointed it at Elstrom and robbed him of $32.00, credit cards and a brief case. Defendant was standing by while this occurred.

Elstrom was ordered to "lay down under the cab." He complied with the request by placing his leg and shoulder underneath the cab. The two men then ran off. Elstrom got up and notified the dispatcher that he had been robbed, giving a description of the two men.

Within a few minutes thereafter Officers Orosco and Stout received a call that

a robbery had been committed. They proceeded to the scene to investigate. A citizen near the vicinity of the incident told the officers that he had seen two men running down the street. The officers proceeded in the direction indicated by the man. Through a large picture window of a house the officers observed two Negro males sitting on a couch with a female. Orosco attempted admittance into the house but the lady told him that there were no males inside.

Later Officer Orosco, joined by Officer Gluhak, obtained admittance into the house. While searching the house the officers found the defendant in bed fully clothed and feigning sleep. Another Negro male, identified as the defendant's partner in the commission of the robbery was also found in the house. At the trial Elstrom positively identified the defendant.

The sole question presented to this Court is whether the defendant can be convicted of both the crime of robbery and the crime of assault with a deadly weapon. Defendant argues that A.R.S. § 13–1641, which prohibits punishment for more than one crime where the defendant had committed only one act, compels the decision that his conviction of assault with a deadly weapon be set aside. We agree.

The test to be applied for determination of this issue was succinctly stated in State v. George, 108 Ariz. 5, 491 P.2d 838 (1971) and reaffirmed in State v. Horton, 108 Ariz. 16, 492 P.2d 395 (1972).

"The practical test is to eliminate the elements in one charge and determine whether the facts left would support the other charge." State v. George, 491 P. 2d at 839 (quoting from State v. Westbrook, 79 Ariz. 116, 285 P.2d 161 (1954)).

Robbery is defined in A.R.S. § 13–641 as "the felonious taking of personal property in the possession of another from his person or immediate presence, and against his will, accomplished by means of force or fear." Assault with a deadly weapon is defined as the commission of "an assault upon the person of another with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury * * *." A.R.S. § 13–249. An examination of the facts in this case reveal that the use of the deadly weapon supplied the element of fear for the crime of robbery. Consequently all of the elements of the crime of assault with a deadly weapon are included in the crime of robbery.

For the foregoing reasons we hold that the conviction and sentence on the assault with a deadly weapon charge must be set aside. The sentences on the robbery count and the assault with a deadly weapon count were to run concurrently hence remand for resentencing will not be necessary.

Ordered setting aside judgment and sentence on assault with a deadly weapon, and affirming judgment and sentence on robbery.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER, and HOLOHAN, JJ., concur.