497 P.2d 66

STATE of Arizona, Appellee,

v.

Linda Faye LAMB, Appellant.

No. 1 CA–CR 256.

Court of Appeals of Arizona, Division 1, Department A.

May 16, 1972.

Rehearing Denied June 26, 1972.

Review Denied July 13, 1972.

directly argued on appeal, we need not discuss it.

sault with a deadly weapon, to wit, a knife, in violation of A.R.S. § 13–541 and § 13–249 respectively, and the judgment and sentence thereon of not less than one year nor more than one year and a day in the Arizona State Prison.

The facts viewed in a light most favorable to upholding the verdict are as follows. On the night of April 20, 1969, a police force of approximately forty police officers was summoned to the vicinity of 6400 South 22nd Street to quell a juvenile disturbance. The disorderly conduct involved was primarily rock throwing. During the course of the disturbance Officer Peters, the complainant in this case, had occasion to enter an apartment at the above address and help other officers to forcibly remove three individuals, one of whom was the defendant's sister. After arresting the three individuals, the officers closed the door to the apartment whereupon it was opened from the inside by defendant. It was at this point that Officer Peters confronted defendant for the first time. She was protesting the arrest of her pregnant sister. Officer Peters then closed the door, with defendant remaining inside the apartment. Once again defendant opened the door, however this time she started moving away from the apartment and following the officers who had her sister in custody. A police sergeant warned defendant to return to her apartment or she would be arrested for disturbing the peace and for vulgar language. Officer Peters approached the defendant who was then retreating toward her apartment and grabbed her by the left arm, apparently to arrest her for vulgar language and disturbing the peace. At that point defendant "wheeled around", broke free of the officer's grip and faced him. Then another policeman yelled a caution to Peters to watch out as the defendant had a knife. Almost instantaneously Peters held his night stick up in the air to block defendant's blow, and in so doing he received a cut on the tip of the middle finger of his right hand. The cut was approximately one-half inch in length. Defendant imme-

Gary K. Nelson, Atty. Gen. by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

DONOFRIO, Judge.

This appeal is from a jury conviction of the crimes of obstructing justice and as-

diately entered her apartment and locked the door which was subsequently forcibly opened by several policemen. There was testimony that defendant threw a knife at the arresting officers while they were inside her apartment. Officers Craft and Gomez testified that defendant was resisting arrest by pushing and kicking and it took three officers to subdue her.

There was controverting testimony from the defendant and three other defense witnesses. The defense position was in essence that defendant did not have a knife in her possession and that she did not use profane language in addressing the police, but told them not to "do her [Patsy Lamb, defendant's sister] the way he was doing because she was pregnant".

On this appeal we are asked to determine the following questions which we shall discuss and treat in the remainder of the opinion:

1. Are the convictions in this case of assault with a deadly weapon and obstructing justice in violation of A.R.S. § 13–1641 which prohibits double punishment?

2. Does the evidence support a finding that the officer was assaulted while acting in the performance of his duty?

3. Does the record support the verdict of assault with a deadly weapon?

4. Was defendant denied due process of the law when the court refused to hear her motions for directed verdict and mistrial?

5. Are the convictions of assault with a deadly weapon and obstructing justice valid when neither the information nor verdict specified the degree?

■ Upon review of the record, we believe that the convictions of assault with a deadly weapon and obstructing justice were proper and hence there was no violation of A.R.S. § 13–1641. In State v. Jernigan, 108 Ariz. 97, 492 P.2d 1204 (1972), our Supreme Court reiterated that the test

to be applied for the determination of this issue is to "eliminate the elements in one charge and determine whether the facts left would support the other charge." This test is a quotation from State v. Westbrook, 79 Ariz. 116, 285 P.2d 161 (1954), recently applied in State v. George, 108 Ariz. 5, 491 P.2d 838 (1971) and State v. Horton, 108 Ariz. 16, 492 P.2d 395 (1972). Applying the aforementioned test to the facts of the case at bar, it is apparent that the assault with a deadly weapon charge could legitimately be premised upon the attack of Officer Peters by defendant outside the apartment. Also the jury could reasonably have concluded that the defendant's pushing and kicking at the time of the arrest inside the apartment a few minutes later was sufficient conduct to charge a separate crime of obstructing justice.

■ Defendant now argues that when Officer Peters grabbed her, apparently to arrest her for the protestations she was making to her sister's arrest, disturbing the peace and using vulgar language, he was undertaking an illegal arrest and that she could not thereafter be guilty of the crime of assault or obstructing justice with which she was charged. We cannot agree. The evidence is clear that at the time Officer Peters grabbed defendant by the arm he had probable cause to arrest her for obstructing justice and disturbing the peace, although no such charges were later brought against her for this conduct.

■ We have concluded that defendant was lawfully charged with a violation of A.R.S. § 13–249 and it therefore follows that the officer's efforts to subdue and arrest the defendant were proper and in the performance of his duty. Defendant argues that a person has the right to resist an unlawful arrest. State v. Robinson, 6 Ariz.App. 424, 433 P.2d 75 (1967); Dugan v. State of Arizona, 54 Ariz. 247, 94 P.2d 873 (1939). Even though we do not quarrel with that proposition of law, it is inapplicable here as there was probable cause to pursue the defendant and effect an arrest for the assault with a knife. The fact

that defendant may not have completely understood the details of the lawful arrest does not supply cause for an arrestee to resist. State v. DeRoss, 9 Ariz.App. 497, 454 P.2d 167 (1969).

Having resolved that the assault with a deadly weapon charge was valid, the police officer may, without a warrant, make an arrest when he has probable cause to believe that the person committed a felony or misdemeanor in his presence. A.R.S. § 13–1403, subsec. 1.

Defendant contends that she was breaking and pulling away from Officer Peters at the time the assault occurred. The record does reflect that defendant was retreating toward her apartment, but the record also clearly shows that she broke loose from Officer Peters' hold and wheeled around and at that point undertook the aggressive action for which she was subsequently charged, that is, a violation of A.R.S. § 13–249.

■ At the close of the State's case counsel for defendant stated to the court that he had a matter of law to take up outside the presence of the jury, to which the court replied:

"Let the record show as to your matter of law that your motion is made and it is taken under advisement at this time."

The trial court then proceeded, with the defense calling witnesses. At the recess the trial judge advised the attorneys that he did not desire to hear the arguments on the motions and that the motions were denied and for them to go before the court reporter to make their record. Although we do not condone the refusal of the trial judge to hear the matter which was a motion for directed verdict, we are unable to state that the judge's action in this instance led to reversible error absent a showing of prejudice. Defendant was able to preserve the record on appeal as the judge told defense counsel to state his arguments to the court reporter. It therefore appears that if any error was committed it was harmless. We would admonish the trial court that a refusal to hear such motions could well result in a denial of due process.

■ Lastly, defendant contends that error was committed because neither the information nor verdict form specified the degree. Our Supreme Court has approved the use of general verdicts which specify whether a defendant is guilty or not guilty as charged in the information. State v. Lubetkin, 78 Ariz. 91, 276 P.2d 520 (1954). In State v. Washington, 103 Ariz. 605, 447 P.2d 863 (1968), Justice Udall stated:

"* * * Let it suffice to say now that unless the exceptions of Rules 287, 288 and 291 come into play, * * * a verdict is adequate and sufficient if it states the defendant is guilty or not guilty and no reference to the crime charged nor the elements of the crime is necessary."

In the instant case the sections mentioned as exceptions to the general rule are not applicable. In this case the judge charged and subsequently sentenced defendant, utilizing only subsection A of both A.R.S. § 13–541 and A.R.S. § 13–249. The severe penalty under each of these sections is imposed by its subsection B which the court omitted from the jury's consideration, thus obviating the necessity of any reference to those aspects of the offense not involved. In essence, the verdict herein amounted to a general verdict as to subsection A of each of the statutes involved.

The judgment and sentence of conviction are affirmed.

STEVENS, P. J., and CASE, J., concur.