499 P.2d 97

The STATE of Arizona, Appellee,

v.

Michael Clarence WILLIAMS, Appellant.

No. 2244.

Supreme Court of Arizona, In Division.

June 30, 1972.

384

Gary K. Nelson, Atty. Gen., by Mary Z. Chandler and Frank Sagarino, Asst. Attys. Gen., Phoenix, for appellee.

McCall & Mason, by Jack E. McCall, Phoenix, for appellant.

CAMERON, Vice Chief Justice.

Defendant appeals from convictions for two counts of robbery (§ 13–641 A.R.S.) for both of which he received sentences of ten to twelve years, and two counts of assault with a deadly weapon (§ 13–249 A.R.S.) for both of which he received two to five years, with a prior felony conviction (§ 13–1649 A.R.S.), the sentences to be served concurrently.

The questions presented on appeal are as follows:

1. Did the trial court err in denying the defendant's motion for a severance?

2. Did the trial court err in allowing into evidence testimony of the polygraph administrator?

3. Did the trial court err in permitting the State to amend the information and denying the defendant's motion for a continuance?

4. Did the trial court err in sentencing appellant on both the robbery and the assault convictions?

The facts necessary for a determination of this matter are as follows. Defendant was charged along with one Douglas Thompson with Count I, robbery, and Count II, assault with a deadly weapon, a gun, of one William Dawe, an employee of Gene's Richfield Service Station in Phoenix, Arizona, on the evening of 10 February 1970. One other person participated in this robbery but was not charged in the same information.

Counts III and IV charged defendant and Douglas Thompson with robbery and assault with a deadly weapon, a gun, of John Louis Clifton of Murray's Gulf Station in Phoenix, also on the 10th of February. After a preliminary hearing, the charges against Thompson were dismissed in return for Thompson's agreement to testify against the defendant Williams at the trial in the Superior Court.

On 23 July the defendant moved to sever Counts I and II from III and IV on the grounds that the two incidents differed in "time, place, and causality." The motion was denied, reargued on the first day of trial, and denied again. Defendant also timely filed a Notice of Alibi, Rule 192 (B), Rules of Criminal Procedure, 17 A.R.S., claiming that the defendant was at his home at the time the offenses occurred.

At trial Clifton testified that defendant and another person robbed and assaulted him with a gun and a knife on 9 February while he was working at Murray's Gulf Station. The defendant objected on the basis that Counts III and IV alleged that this happened on 10 February. At this point the State moved to amend to the 9th, the defendant objected, the objections were overruled, the defendant requested a continuance, and that request was denied.

Also, the State moved to amend Count IV to allege a knife was used in the assault with a deadly weapon. The defendant objected, and that objection was also overruled.

A lie detector operator then testified that he gave defendant a polygraph test (which had been agreed to by both parties). He said defendant answered untruthfully when he said he didn't know who robbed Murray's Gulf Station on 9 February 1970. Then he started to discuss what he considered the untruthful negative answers to "Did you hold up Murray's Gulf Service Station on the night of February 9?", and "Do you know who robbed Gene's Service Station on the night of February 10?", and "Did you hold up Gene's Richfield Service Station on the night of February 10?" Each time the defendant objected on grounds of relevancy and each time the court overruled defendant. The State also presented the testimony of the codefendant Thompson who, after being granted immunity (§ 13–1804 A.R.S.), testified as to the two robberies.

After defendant put on his case (chiefly alibi), he was convicted and the allegation of a prior felony conviction was found to be true. From the convictions and judgments of guilt defendant appeals.

## DID THE COURT ERR IN DENYING THE DEFENDANT'S MOTION FOR A SEVERANCE?

Our criminal rules state:

"A. An indictment, information or complaint charging two or more different offenses connected together in their commission, or different statements of the same offense, or two or more different offenses of the same class of crimes or offenses, shall be under separate counts, and if two or more indictments or informations are filed in such cases, the court may order them consolidated.

"B. The prosecution is not required to elect between the different offenses or counts set forth in the indictment or information, but the defendant may be convicted of any number of the offenses charged, and each offense upon which the defendant is convicted shall be stated in the verdict. The court in the interest of justice and for good cause shown, may, in its discretion, order that the different offenses or counts set forth in the indictment or information be tried separately, or divided into two or more groups and each of the groups tried separately." Rule 128, Rules of Criminal Procedure, 17 A.R.S.

We have stated:

"Under this rule the court, in its discretion, must determine whether the trial of two or more counts jointly is prejudicial to a defendant; and, if so found, the court must order that they be tried separately. * * *." State v. Crow, 104 Ariz. 579, 583, 457 P.2d 256, 260 (1969).

And:

"By specifying when offenses may be consolidated, there is impliedly negatived any authority to consolidate under other or different circumstances. Plainly these offenses are not different statements of the same offense, nor are they of the same class of crime. No facts are alleged on the informations from which it can be inferred that the two offenses are connected together in their commission. The simple allegations of both that they were committed on or about the 20th day of April, 1956, does not alone suggest that they were so connected as to be part of the same transaction. Moreover, the evidence introduced at the trial establishes that the two incidents of burglary and resisting and obstructing a public officer were not related in time, place, or causality. The consolidation of the two informations for trial is, therefore, prejudicial and reversible error. (citations omitted)." State v. Stago, 82 Ariz. 285, 287, 312 P.2d 160, 161 (1957).

■ Whether to sever or consolidate will depend upon the facts on a case-by-case basis. In the instant matter, we have two cases of robbery and assault with a deadly weapon, "connected together in their commission", and the two robberies and the two assaults being "of the same class of crimes or offenses." Under the facts in this case the rule allows the matters to be consolidated unless "In the interest of justice and for good cause shown," a severance is indicated. Most cases emphasize the fact that the broad discretion is vested in the trial courts in this matter. See Annotation, 59 A.L.R.2d 835 (1956).

■ It has also been held that the crimes need not be committed the same day to be tried together, for example: Dobbins v. State (Wyo.), 483 P.2d 255 (1971), three months apart; People v. Shells, 8 Cal.App.3d 210, 87 Cal.Rptr. 255 (1970), vacated on other grounds, five months apart; People v. Sauer, 163 Cal.App.2d 740, 329 P.2d 962 (1958), 22 months apart; People v. Aikens, 70 Cal.2d 369, 74 Cal. Rptr. 882, 450 P.2d 258 (1969), three years apart; and Brown v. Commonwealth (Ky.), 458 S.W.2d 444 (1970), ten days apart.

■ Finally, courts are constantly on guard to detect the presence or absence of unusual features of the crimes or cases that might prejudice defendant. See, e. g., United States v. Miller, 449 F.2d 974 (C. A.D.C. 1971); State v. Iddings, 5 Wash. App. 99, 485 P.2d 631 (1971); Dobbins v. State, supra; United States v. Weber, 437 F.2d 327 (3rd Cir.1970); Brown v. Commonwealth, supra; and State v. Crow, supra.

We find an absence of such unusual features which would prejudice the defendant at a consolidated trial.

■ The association of two of the three criminals and the closeness of the location leads us to pay a good deal of respect to the trial court's determination that the two robberies should be tried together. The needs of judicial economy, the closeness of the two robbery dates (9 February and 10 February), the location of the robberies, the similarity of the type of robbery, the criminals' behavior, and the lack of shown prejudice resulting from hearing the crimes together, leads us to believe that the court did not abuse its discretion in consolidating the matters for trial.

## DID THE TRIAL COURT ERR IN ALLOWING INTO EVIDENCE TESTIMONY OF THE POLYGRAPH ADMINISTRATOR?

■ Defendant makes two arguments here. The first is that polygraph tests are so scientifically inconclusive that they should not be admitted into evidence even with a stipulation between the parties. The same agrument was made and rejected in State v. Valdez, 91 Ariz. 274, 371 P.2d 894 (1962). In that opinion, Justice Udall laid out several "qualifications" or areas in which the defendant could question lie detector results. Not one of these "qualifications" has been asserted by the defendant.

■ Defendant also objected to the "relevancy" of questions asked by the polygraph operator concerning the robberies of the two service stations. His argument appears to be that he was on trial for robbing the two service station operators and not the two service stations. We find no merit in this assertion.

## DID THE TRIAL COURT ERR IN PERMITTING THE STATE TO AMEND THE INFORMATION AND DENYING THE DEFENDANT'S MOTION FOR A CONTINUANCE?

Defendant contends that Rule 145 (B) and (C) of the Rules of Criminal Procedure, 17 A.R.S., should have caused the trial judge either to refuse to allow the State to amend or to grant defendant's continuance if an amendment were approved. Our rules read:

"B. No variance between the allegations of an indictment, information or bill of particulars, which state the particulars of the offense charged, whether amended or not, and the evidence of-

fered in support thereof shall be ground for the acquittal of the defendant. The court may at any time cause the indictment, information or bill of particulars to be amended in respect to any such variance to conform to the evidence.

"C. If the court is of the opinion that the defendant has been prejudiced in his defense upon the merits by any such * * * variance the court may because of such * * * variance, unless the defendant objects, postpone the trial, to be had before the same or another jury, on terms the court considers proper. In determining whether the defendant has been prejudiced in his defense upon the merits, the court shall consider all the circumstances of the case and the entire course of the prosecution." Rule 145, Rules of Criminal Procedure, 17 A.R.S.

Arizona courts have been liberal in allowing amendments, providing that the amendment does not lead to a charge of a different crime. State v. Suarez, 106 Ariz. 62, 470 P.2d 675 (1970). One method of testing whether the defendant has been prejudiced by an amendment to an information is to ask whether an acquittal as to the amended charge would be a defense to the original charge. State v. Singh, 4 Ariz.App. 273, 419 P.2d 403 (1966). See also Peterson v. Jacobson, 2 Ariz.App. 593, 411 P.2d 31 (1966). In this case, when there was only one robbery of the service station in question, it would seem clear that the acquittal on the amended information would bar prosecution on the original information.

In the alternative, defendant contends that a continuance should have been granted. It is true that Rule 145 (C), Rules of Criminal Procedure, 17 A.R.S., allows for continuances, But we have stated, in State v. McWilliams, 103 Ariz. 500, 446 P.2d 229 (1968), that the broad discretion of the trial judge on this matter will not be disturbed unless the discretion has been shown to have been so abused as to prejudice defendant. Defendant has shown nothing which would indicate any prejudice as a result of the judge's ruling against a continuance and we have been unable to find any.

## DID THE TRIAL COURT ERR IN SENTENCING APPELLANT ON BOTH ROBBERY AND ASSAULT WITH A DEADLY WEAPON?

Defendant's argument that he should not have been punished for both the robberies and the assaults is bottomed on § 13–1641 A.R.S. which reads as follows:

"An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

The test used by this court in dealing with § 13–1641 A.R.S. was recently set forth by Justice McFarland:

"* * * The practical test is to eliminate the elements in one charge and determine whether the facts left would support the other charge." State v. Mitchell, 106 Ariz. 492, 495, 478 P.2d 517, 520 (1970). See State v. Lippi, 108 Ariz 342, 498 P.2d 209, (1972).

We have applied the test set out in Mitchell, supra, in three very recent robbery-assault cases: State v. Belcher, 108 Ariz. 290, 496 P.2d 590, filed May 1, 1972; State v. Jernigan, 108 Ariz. 97, 492 P.2d 1204, filed January 26, 1972; and State v. George, 108 Ariz. 5, 491 P.2d 838, filed December 15, 1971. In Belcher, we affirmed both the robbery and assault with a deadly weapon convictions because the defendant(s) robbed one person and threatened, with a gun, a second person. In George and Jernigan, we reversed the assault with a deadly weapon convictions because the elements of the assault convictions were merged with the elements of the robbery convictions.

And where a reversal is indicated we have stated:

"Our court has stated that where a person is convicted and sentenced on two counts based upon one act, that the trial

judge should then set aside the lesser conviction. State v. Ballez, 102 Ariz. 174, 427 P.2d 125 (1967)." State v. Mendoza, 107 Ariz. 51, 56, 481 P.2d 844, 849 (1971).

 In the instant case, the facts necessary to support the two charges of assault with a deadly weapon were so intertwined with the two robbery charges that in each case once the elements of the robbery are used to convict of robbery, the charge of assault with a deadly weapon cannot stand.

The convictions and sentences under Count I, robbery, and Count III, robbery, are affirmed. The convictions and sentences under Count II, assault with a deadly weapon, and Count IV, assault with a deadly weapon, are reversed and set aside.

HAYS, C. J., and LOCKWOOD, J., concur.