701 P.2d 864

**The STATE of Arizona, Appellee,**

v.

**Clark Arthur BONNEY, Appellant.**

**No. 1 CA–CR 7372.**

Court of Appeals of Arizona,
Division 1.

May 30, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Galen H. Wilkes, Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

## OPINION

LACAGNINA, Judge.

In this case Clark Arthur Bonney was charged by information with theft, a violation of A.R.S. § 13–1802, by controlling property, a certificate of deposit in the face amount of $10,000 belonging to Marjorie Snodgrass. The state alleged two prior felony convictions. By amended information, Bonney was tried on the violations of A.R.S. § 13–1802(A)(1), controlling the property of another with the intent to deprive and A.R.S. § 13–1802(A)(5), controlling the property of another with knowledge that the property was stolen.

At trial, the court held two hearings pursuant to Rule 609, Rules of Evidence, 17A A.R.S., and found the probative value of the prior convictions of both Bonney and a witness, Coy, outweighed their prejudicial effect and permitted cross-examination of Coy and Bonney to prove the fact of the convictions. At the close of the state's case, Bonney moved for a directed verdict of acquittal which was denied.

On appeal Bonney argues the trial court erred by not granting his motion for acquittal on the grounds that the certificate of deposit was worthless and therefore not property in excess of $1,000 and for allowing impeachment by proof of the specific nature of his and Coy's convictions.

We disagree with both arguments and affirm the conviction and sentence.

## I SUBSTANTIAL EVIDENCE IN RECORD TO SUPPORT TRIAL COURT'S DENIAL OF DIRECTED VERDICT OF ACQUITTAL.

Bonney argues the state failed to prove the value of the certificate of deposit and

that Snodgrass sustained no loss, and therefore, he was entitled to a directed verdict of acquittal. Bonney further argues the certificate was worthless. It was not. The "value" for purposes of defining that term as used by A.R.S. § 13–1802 is defined by A.R.S. § 13–1801(A)(14):

"14. 'Value' means the fair market value of the property or services at the time of the theft. Written instruments which do not have a readily ascertained market value have as their value either the face amount of indebtedness less the portion satisfied or the amount of economic loss involved in deprivation of the instrument, whichever is greater. When property has undeterminable value its value shall be determined by the trier of fact and, in reaching its decision, all relevant evidence may be considered including evidence of such property's value to its owner."

 The face value of the certificate was $10,000 and answers Bonney's first contention. As to his second contention, we find the state is not required to prove the victim, Snodgrass, suffered a liquidated financial loss by the theft of her certificate of deposit. See *State v. Mills*, 96 Ariz. 377, 396 P.2d 5 (1964); *State v. Jahns*, 133 Ariz. 562, 653 P.2d 19 (App.1982).

## II IMPEACHMENT OF BONNEY AND COY BY PROOF OF SPECIFIC PRIOR CONVICTIONS PROPER.

Bonney's argument that it was improper for the court to allow evidence of the specific crimes of which they were previously convicted is totally without merit. We could simply dispose of this issue by holding Bonney waived this by his failure to object at the trial. *State v. Tostado*, 111 Ariz. 98, 101, 523 P.2d 795, 798 (1974).

 Notwithstanding the failure to object, we hold the cross-examination was proper. It is obvious from the following quoted portions of the cross-examination that no error was committed:

"Q Mr. Coy, have you previously been convicted of any felonies?

A Yes, I have.

Q Can you tell the jury what felonies those are?

A Burglary and possession of a stolen motor vehicle.

Q Where did that occur?

A The stolen motor vehicle was in Rhode Island. The burglary was up in Maine.

Q Was that within the last couple of years?

A Yes.

Q Have you been convicted of any felony offenses in the State of Arizona?

A Yes, I have.

Q Can you tell the jury what you have been convicted of here?

A One forgery, one theft, and one burglary.

\* \* \* \* \* \*

Mr. Bonney, you've been previously convicted of a prior felony conviction; is that correct?

A That's correct.

Q And is that for trafficking in prison contraband?

A Yes.

Q Was the date of that conviction June 13, 1980?

A Yes.

Q Was that the Oxford Superior Court of the State of Maine?

A Yes."

The questions asked were well within the requirements of *State v. Mendoza*, 107 Ariz. 51, 481 P.2d 844 (1971); *State v. Foggy*, 101 Ariz. 459, 420 P.2d 934 (1967); *State v. Sorrell*, 85 Ariz. 173, 333 P.2d 1081 (1959); M. Udall and J. Livermore, Law of Evidence § 47 at 92 (2nd Ed.1982), and therefore, no error was committed.

We affirm the conviction and the sentence.

HATHAWAY, P.J., and LIVERMORE, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120(E).